

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKHAT KOSHKINBAY,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  26-cv-284-RSH-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 16, 2026, petitioner Askhat Koshkinbay filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, a citizen of Kazakhstan, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* at 2; ECF No. 4 at 1.

Respondents have filed a return. ECF No. 4. As set forth below, the Court grants the Petition.

## I.    BACKGROUND

On January 12, 2025, Petitioner applied for admission to the United States at the Otay Mesa Port of Entry. *Id.* at 1–2. He did not possess documentation that would allow him to enter the United States. *Id.* at 2. Petitioner was arrested, taken into immigration custody, and placed in removal proceedings. ECF No. 1 at 6; ECF No. 4 at 2.

On June 17, 2025, Petitioner filed an application for asylum and other relief from removal. ECF No. 4 at 2. His individual merits hearing is currently scheduled for May 28, 2026. *Id.*

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III.    ANALYSIS

Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which provides that noncitizens found to have a credible fear of persecution are subject to mandatory detention pending consideration of an asylum application. *See* 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution … the alien shall be detained for further consideration of the application for asylum."). The issue presented here is whether, in the circumstances of this case and at this point in time, applying this mandatory detention regime violates Petitioner's due process rights.

### A.    Scope of Due Process Rights

Respondents argue that under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), Petitioner has no due process rights beyond those that Congress has provided, and that his due process claim therefore fails. ECF No. 4 at 5–7. In *Thuraissigiam*, the Supreme Court rejected a habeas petitioner's argument that the due process clause conferred rights to challenge his expedited removal beyond those established by Congress, stating that "an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." 591 U.S. at 107. The petitioner in that case had "attempted to enter the country illegally and was apprehended just 25 yards from the border." *Id.* The Supreme Court determined that the "political

2

department of the government" had plenary authority to admit or exclude aliens seeking initial entry, and thus "an alien in respondent's position has only those rights regarding admission that Congress has provided by statute." *Id.* at 139–40.

Following the Supreme Court's decision in *Thuraissigiam*, some district courts have adopted Respondents' reasoning to dismiss or deny habeas petitions in the context of arriving aliens subject to mandatory detention under Section 1225(b)(1). *See Petgrave v. Aleman*, 529 F. Supp. 3d 665, 679 (S.D. Tex. 2021) ("As far as Petitioner is concerned, whatever procedure Congress has authorized is sufficient due process."); *Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329, 536 (W.D.N.Y. 2021) ("Petitioner is on the threshold of initial entry into the United States and . . . he accordingly is not entitled to procedural protections beyond those provided by statute.").

Most courts have ruled otherwise. *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 25-cv-98-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1225(b) … 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'") (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019)); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). This Court agrees with the majority position that a person detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing. This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held

3

indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever."); *Hernandez v. Wofford*, No. 25-cv-986-KES-CDB (HC), 2025 WL 2420390, at *3 (E.D. Cal. Aug. 21, 2025) ("Although the Supreme Court has described Congress's power over the 'policies and rules for exclusion of aliens' as 'plenary,' and held that this court must generally 'defer to Executive and Legislative Branch decisionmaking in that area,' it is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority'—through detention or otherwise.") (citations omitted); *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) ("The holding in *Thuraissigiam* does not foreclose Plaintiffs' due process claims which seek to vindicate a right to a bond hearing with certain procedural protections.").

**B.    Whether Petitioner's Detention is Prolonged in Violation of Due Process**

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali*, 499 F. Supp. 3d at 773–74; *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773–74.

Here, Petitioner has been detained for almost 13 months. Respondents argue that "[i]n general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." ECF No. 4 at 7 (quoting *Sibomana v. LaRose*, No. 22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023)). This proposition, applied to Petitioner's length of detention, favors a bond hearing. The fact that courts have granted habeas relief in some other cases involving *longer* periods of detention does not indicate that Petitioner is ineligible for such relief; still other courts have

granted habeas relief in cases involving *shorter* periods of detention.[1]

Petitioner's conditions of detention also favors setting a bond hearing. Courts in this district have found that conditions at the Otay Mesa Detention Center are "indistinguishable from penal confinement," and that this factor weighs in favor of petitioners' due process arguments of prolonged detention. *Kydyrali*, 499 F. Supp. 3d at 773; *see Hoyos Amado*, 2025 WL 3079052, at *6. The likely duration of future detention also favors Petitioner, where his currently scheduled merits hearing is over three months away. The remaining factors are neutral. The Court does not assign responsibility to either party for the length of time taken to reach this stage of the proceedings; similarly, the Parties do not assess the likelihood that the proceedings will result in a final order of removal. On balance, the Court determines that the applicable factors indicate that Petitioner's detention without a bond hearing has become unreasonable and violates due process.

Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest

---

[1] *See, e.g.*, *Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases); *Tanoyan v. Andrews*, No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period … qualifies as prolonged."); *Gao v. LaRose*, No. 25-cv-2084-RSH-SBC, 2025 WL 2770633, at *5 (S.D. Cal. Sept. 26, 2025) ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention … approximately one year. District courts have found shorter lengths of detention … without a bond hearing to be unreasonable.") (collecting cases).

26-cv-284-RSH-DEB

at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are directed to arrange an individualized bond hearing for petitioner Ashkat Koshkinbay before an immigration court within ***fourteen (14) days of this order*** as described above.

**IT IS SO ORDERED**.

Dated: February 3, 2026

_____
Hon. Robert S. Huie
United States District Judge